147106 Cooper v. McDonald 147106 Cooper v. McDonald Mr. Carpenter, it's good to see you back, another nice tie. Thank you, Your Honor. I can't do bow ties. I always like the ones you wear. May it please the Court. Kenneth Carpenter appearing on behalf of Mr. Leo Cooper. This case, Your Honor, deals with the Veterans Court's addressing or not addressing the rule of law created in its own precedent in a case called Robinette. The Veterans Court, in its decision, correctly noted that in 2000, with the Congress's enactment of the Veterans Claims Assistance Act, that Congress separated the Secretary's notification duties by moving the former 5103 small a. Mr. Carpenter, how do you deal with, I think the central issue is Vasquez-Flores v. Shinseki, and that Robinette, to the extent it conflicts with that, is no longer good law. Well, certainly this Court can make that decision. We disagree with that. We believe that the provisions of 5102 small b remain intact, and those provisions are what the former language of 5103 small a included prior to the enactment of the VCAA, and that reliance upon Vasquez-Flores or any of the other cases that interpret the current version of 5103a miss the point of the precedent that was created by the Veterans Court in Robinette. I don't understand that argument simply because we don't miss, our Court isn't, we're not compelled to follow what the Veterans Court says. It's one thing if you argue we failed to follow our own precedent, but you're arguing that our Court didn't have the authority to reach the conclusions it reached in Vasquez and other cases because the rule of law in Robinette precluded us from doing so? Oh, no, no, no, Your Honor, I'm sorry. If that's what you understood me to say, then I misspoke. What I was trying to say is that the Veterans Court erred when it failed to realize that its own precedent created a separate and independent duty under the provisions of what were formerly 5103 small a and are now in 5102 small b. But if the Veterans Court presumed or assumed or read our precedent as overruling Robinette or not being consistent with Robinette, then they would not only be allowed to but would be compelled to not follow Robinette but to follow our precedent, right? And that would be true, except that there is a precedential opinion as opposed to in this case a non-precedential opinion in the Davis case, which in fact accepted the rule in Robinette as being distinguishable from the enactment of the VCA as it relates to the notification duties that are required under 5103 small a under the current version. Under the former version and under the current version as it continues to exist in statute, there is an independent obligation. Now, this court certainly does have the authority, as I believe Judge Wallach was suggesting, to simply say that we disagree with that interpretation and that we reject the Robinette interpretation. But the error that was created in this case is that Judge Schoen did not address that issue. Judge Schoen treated this as though it were a 5103 small a issue and totally disregarded the precedent that exists both in Robinette and in Davis that adopt that interpretation that there is a separate and independent duty to notify when the VA is put on notice of specific evidence. You know, it seems to me as if these cases and the history that we've evolved of the duty to notify has really turned on what it is that the veteran was supposed to be notified of. And here, is it as simple as that when the veteran said that this arose during service that he never provided medical evidence and that all they had to tell him was, that's very interesting, but we can't take your word for it. Get some doctor to tell us this. Yes, Your Honor. And that's the holding in Robinette that when, as in this case. They did that here. I beg your pardon? There are numerous notices in the record where they tell the veteran, if you have any information or medical opinions or medical suggestions that you think are relevant, please provide or, you know, provide. And there is no dispute on Mr. Cooper's part that those notices were sent. The dispute on Mr. Cooper's part is that under Robinette, there has been determined under the statute to be a separate duty that when the VA is put on notice, and in this case they were placed on notice in two different circumstances. First in a VA examination and then in testimony before the board in 2011. In those circumstances, under the rule in Robinette, the government is put on notice that potentially favorable evidence exists. The requirement of Robinette is not that the VA go get that evidence, but that the VA recognize that that evidence is relevant and that notice is given of the relevance of that evidence with a direction that that evidence should be submitted. If the VA has told Mr. Cooper repeatedly, if you have any medical evidence that you think is relevant to this, you should come forward with it. Please come forward with it. So, isn't it at a minimum duplicative for them to have said, and this is again, you know, in a particular circumstance because he refers to something to do it. The second question that I'll let you respond is that in this instance, years later in 2011, he got a remand from the board and they provided him a new thorough medical exam, right? Correct. What else would that notice have resulted in when he's already gotten subsequent to that? He was awarded a brand new medical exam so that they could evaluate all of it. Because the medical exam without the opinion from this surgeon, at least as represented in the testimony by Mr. Cooper, that this surgeon told him that the reason that that surgery was necessary was because of what happened in service. That wasn't quite as definitive as that was. I don't know precisely what it was, but from a legal point of view, that was the relevance of the evidence because it potentially provided the necessary nexus, the relationship between his post-service disability and what happened to him in service. That arose in a context in which the events changed. The problem with just giving generic notice, as this court has affirmed, is all that is required, is that it doesn't provide context. The rule in Robinette says that when you have a specific context, when the government is put on notice of the existence of potentially favorable evidence, they at least have to tell the veteran that the veteran needs to go out and get that evidence. That's the piece that is missing and is required by the veteran's court's interpretation of the statute. Well, I don't know what generic notice means, but even though the notice covers a lot of things because they want to be comprehensive, it seems to me that the notice in these various letters is quite specific. If you have any medical information, medical records, medical statements that support your claim, please provide them. That's what it says, Your Honor, but with respect, frankly, to a pro se veteran, that information is meaningless because what is missing here is the medical opinion that correlates the post-service disability to the injury or disease that happened while in service. The veteran claims that the surgeon who had performed his ventral hernia at Great Lakes Naval Base told him there is a possibility. That's pretty weak. The veteran claims that the surgeon told him there's a possibility. But the rule under Robinette says that if there is such a possibility, then the government at least has the obligation, the independent duty, to tell them that if that exists, you should go get it and submit it to us. It doesn't put any burden on the VA to go get that information. It puts the only burden on the VA to get whatever he could. That's right, Your Honor, but to get whatever he could without the context of what was arisen in that examination that you cite to at JA-81 or in the testimony before you. According to that record, he's the one who told the recording to the doctor that the surgeon told him that. That's correct, Your Honor, and that provides the context. And that context is you can't prevail in this claim, Mr. Cooper, unless you provide medical nexus evidence. Your argument might at least assume more sympathy from speaking for myself only, except that in this circumstance, it wasn't like that was the end of the story. It wasn't like 2002, he has an exam, he tells the whoever, my other doctor told me this, and then it's just ignored, and that's the end of the case, and he loses his benefits. In this circumstance, this went on, and he got a remand from the board, and he got a full-blown new medical evaluation, and then the board relied on the findings of that, which also included whether or not there was really any nexus with regard to the hernia. So it seems like here, he clearly got consideration of any and everything that one could have considered. He most certainly did, Your Honor, and there is no objection on Mr. Cooper's part that he did not get the full assistance that he was entitled to under the law. What he didn't get was the notice required by Robinette. The Veterans Court made an interpretation of the statute that in specific circumstances, not in every circumstance, but in specific circumstance, and those are the precise circumstances of this case, when the VA is put on notice of potentially favorable evidence that the VA has an independent duty, a separate duty from the duty to assist, a separate duty from the duty to notify under 5103a, to tell the veteran that that is precisely the kind of evidence that you need in order to prevail. They didn't do that. Now, that is either an independent duty as interpreted by the Veterans Court, or it's not. The Veterans Court, in its decision, simply didn't address that. It dealt with Davis as though the Davis decision had completely abandoned the interpretation of the statute in Robinette. But that's not the case. In fact, Judge Hagel in Davis and the panel in Davis accepted the proposition offered that under that statute, Robinette continued to be viable, but not under 5103, but under 5102, because it had been moved by Congress when it rewrote the statute. Thank you very much. Thank you. Good morning. May it please the Court. The Court should affirm the Veterans Court's judgment. First, with respect to the Robinette rule, Mr. Kovar argues that that rule is still in existence, but the rule that he cites was based on a prior version of the statute, a prior version of 5103a, and that version no longer exists. But the revisions to the statute, there's no indication that Congress was intent on limiting the rights on the duty to assist, right? No, but if you look at what, and interestingly enough, I think Davis makes this point, Davis makes clear that there is no specific notice requirement in the new 5102, which was the old 5103, with some clarifications. And what Davis says is that the new 5102 simply clarified the VA's existing duties. In other words, there was, in essence, no duty under the prior version to provide specific notice. Well, you know, looking at the specific facts here, the veteran, per se, undoubtedly understood when he was told you needed a contemporaneous diagnosis, which you didn't get at the time he was in the service. But without counsel, and he had subsequent exams and all the rest of it, the specific point on which he was denied eventually was exactly a medical opinion on that point. And how, this is the gap that I think it is fair to say was not so clearly filled by the VA that gave him another medical exam, but they didn't tell him you must get a competent medical opinion going back to the time he was in service, rather than his current affliction. This seems to be the issue on which there was a failure of communication. And isn't the question whether, in fact, the veteran should have been expected to have understood that there was this one gap in the trail of evidence going back to when he was in service, and that that was all that he needed? Because he never, from all of the records and all of the current exams that he had, doesn't seem to be anything going back to fill that gap, except he says, well, my doctor told me, and to understand that that was too far in the area of hearsay and that he had to plug that gap. Certainly, that's what he's alleging. Let me make a couple of points, Your Honor. First, of course, this court has held on three occasions that 5103A requires what the court has called generic notice, which although it's specific, it doesn't rise to the level of specificity that Mr. Cooper asserts. Right. Now, in the Wilson case, this court noted that 5103 is, in fact, part of a comprehensive scheme whereby notice is provided to veterans, and part of that scheme is that after the RO issues a decision, in addition to sending what we call generic notice at the beginning of the process, for example, after the RO issues a decision on a claim, it provides notice to the veteran of the reasons for that decision. And if you look at, for example... I didn't see where the RO ever specifically said, this is what you must do. Right. Well, if you look at page 92 of the Joint Appendix, and that is the 2003 rating decision, the RO makes two points on that page. At the bottom of 92, the RO says, you claim that the surgeon who performed your ventral hernia surgery told you that there was a possibility that your chronic right lower extremity lymphedema was related to pressure that was being applied in the right renal area as a result of your hernia. The RO noted that fact, and then noted that you stated that you only filed a claim for service connection because of what the surgeon told you, and that you didn't think these two conditions were related, but felt that you would like to have it evaluated anyway. Of course, the VA did have it evaluated, but the point is the RO certainly referenced his own statement, and earlier on on that same page, the RO explained that the evidence simply doesn't show that his lymphedema was service-connected, was related to any sort of service-connected condition. And specifically not related to the ventral hernia. Right, exactly. My point is simply that if we're concerned about fairness to the veteran, not only is there extensive what we call generic notice provided in this case, but there was very specific notice provided by the RO, not just on this occasion, but on at least two other occasions as well. And then subsequent to this, they ordered a new medical exam. That's right. There's no charge that that medical exam was not thorough or didn't look at everything. No, Your Honor. I did want to just address one argument that I think Mr. Cooper is now making. What the Veterans Court said is that obviously the sort of specific notice that he is seeking isn't required by 5103, and Mr. Cooper didn't identify any other place within the statute or the regulations that requires that sort of specific notice. He seems to be saying now that that specific notice is required by the new 5102, which is similar or a clarification of the old 5103. First, I just note that, in fact, in his brief at page 10, he actually stated, footnote 3, unlike the appellant in Davis, Mr. Cooper never argued that the VA's roving obligations were transferred to 38 U.S.C. 5102B. So he in fact stated in his brief to this court that he is not making that argument. He also says 5103A at page 12, both old and new, wasn't the only statute. Right. And so that seemed to be the provision he's relying upon. But if you look at 51, even if he did argue that 5102 now contains that specific notice requirement, that statute is plain on its face. What that statute concerns is a situation where an application for benefits on its face is missing information, such as a Social Security number or name or something to that effect. And the VA, obviously, in that situation, is required to notify the veteran of the missing information. In Davis, the Veterans Court addressed this very argument and said that statutory provision does not require specific notice of evidence that the veteran could or should obtain to support his or her claim. So unless the court has further questions, we respect the request that the court affirm the Veterans Court's decision. Thank you. I'd like to pick up on the notion that the government suggested in relationship to this court's decision in Wilson. Recognizing that the enactment by Congress was part of a comprehensive scheme. Part of that comprehensive scheme is 5102b. In fact, in Robinette, Judge Steinberg, in explaining why the word application, as used in the then 5103a, included the type of information evidence that was required to be discussed by the VA in a subsequent independent duty to provide notice. Judge Steinberg explained that it was part of the overall scheme to make sure that the veteran understands what's missing from their application. Can I just move you on a little bit? Yes. What relief are you seeking here? A remand to the Veterans Court to reconsider its decision, to re-adjudicate its decision in light of the holding in Robinette. Robinette was what was placed... Okay, so you're suggesting the only way you can prevail here is if we determine that the holding in Robinette, the decision in Robinette, trumps all the subsequent cases in the statute and so forth. Not that it trumps it, Your Honor. We do not suggest at all that Robinette trumps. Robinette creates a separate statutory interpretation of an independent duty. It is a practical matter for purposes of what the veteran is going to get or not get out of this. I'm having a hard time tracing back what kind of relief, even if all stars aligned in his favor, he could get. Firstly, even assuming there was a doctor who made some statement to him, his surgeon in 2002, that it may be related. So I guess they could go and try to find this doctor and get a statement now, but that would only lead, would it not, to... They're not going to give him the award based on the statement. They are going to... What are you asking, for another medical exam then? Well, no, I don't think another exam would be necessary. It would be a question of examining the opinion that was offered. And I believe you're correct that that's what is the ultimate goal here, is for Mr. Cooper... There is no opinion that was offered. I mean, the only statement we have is that the doctor said it might be related. He didn't give a diagnosis as to what the basis for that conclusion was, right? No, but as Judge Newman pointed out, this was a pro se veteran before the agency. When he gets before the court, he gets an attorney, but that attorney cannot submit any more evidence. That attorney cannot go out and get or find this surgeon and develop that evidence and submit it. If the court had recognized that independent duty under Robinette, then it would have been sent back for the VA to provide that notice and give him the opportunity to go find this surgeon with the assistance of his attorney and get a written report in order to test whether or not that written report is sufficient to establish the causal connection with the injury in service. But he did subsequently have to get an exam which evaluated whether there was service, which ultimately, in my history of dealing with these cases, what the veteran is typically seeking is an exam. That's correct, Your Honor. And we are not seeking another exam. We are seeking the opportunity for him to get an opportunity to locate that surgeon, get that surgeon to reduce his opinion to writing and submit that opinion in writing and have that considered with all of the other evidence. That's what is contemplated by Robinette. That's what's contemplated by the rule of law in Robinette, that the veteran be put on notice to have the opportunity to get that information and submit it. If he submits it and it isn't sufficient, then the veteran does not prevail. Thank you very much. Thank you. We thank both counsel if the case is submitted.